CARTER, Judge:
This is an appeal by plaintiff, Michael Donellan, from a judgment ordering that his dismissal from the Baton Rouge police force be reversed and that he be placed on indefinite suspension. Donellan asks that he be reinstated on the force rather than placed on indefinite suspension.
On January 7, 1982, Donellan was placed on indefinite suspension pending an investigation into allegations of misconduct with a juvenile. Donellan was ordered to take a polygraph, refused to do so, and, as a result of such refusal, was dismissed from the force on February 2, 1982. On appeal to the Baton Rouge Municipal Fire and Police Civil Service Board, Donellan’s dismissal was upheld. Donellan then appealed to the 19th Judicial District Court naming as defendants the City of Baton Rouge, Parish of East Baton Rouge, and Baton Rouge Municipal Fire and Police Civil Service Board (Board).[1] The court rendered judgment in favor of Donellan ordering that the dismissal be vacated and placing Donellan back on indefinite suspension, pending any further action against him by *20 the Board on the initial charges. Defendants have not appealed the judgment.[2]
Donellan has appealed the judgment of the trial court assigning two errors.
ASSIGNMENT OF ERROR NO. 1
Appellant argues that the court erred in ordering that he be placed on indefinite suspension in light of LSA-R.S. 33:2500 which provides that indefinite suspension may not exceed 90 days in any 12 month consecutive period.
LSA-R.S. 33:2500(B) provides as follows:
“B. Unless the cause or condition justifies an employee being permanently removed from the service, disciplinary action may extend to suspension without pay for a period not exceeding the aggregate of ninety days in any period of twelve consecutive months, reduction in pay to the rate prevailing for the next lower class, reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, or such other less drastic action that may be appropriate under the circumstances. Nothing contained herein shall prevent any employee who is physically unable to perform the duties of his position from exercising his rights of voluntary retirement under any applicable law.”
In the case sub judice, Donellan was placed on indefinite suspension on Ja'nuary 7, 1982, and was dismissed on February 2, 1982. The trial court judgment ordering Donellan placed on indefinite suspension was signed on November 29, 1982. On February 22, 1983, Donellan filed the present appeal. It is clear that the 90-day limit mandated by LSA-R.S. 33:2500 has been exceeded and therefore, the judgment rendered by the trial court is illegal. We vacate the ruling of the trial court and remand the case for rendition of a legal judgment.
Because of our ruling on the first assignment of error, we need not address Donel-lan’s second assignment of error. Costs of the appeal in the amount of $225.39 are to be paid by defendant-appellee.
VACATED AND REMANDED.

. Defendant Parish of East Baton Rouge was dismissed following an exception of no right of action and no cause of action.

. Defendants argue in brief that the issue of Donellan's indefinite suspension is not properly before this court. Defendants contend that the Board has only reviewed Donellan’s dismissal and not his indefinite suspension, and therefore, the issue of indefinite suspension should first be reviewed by the Board. We note that both the Board and the district court have ruled on the substantive issue of whether Donellan could be removed from the force for refusing to take the polygraph. No appeal has been taken from the district court’s ruling and it is now a final judgment.